UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| NASON ROBERTS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 11-19-ART |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION &** |
| KENTUCKY HIGH SCHOOL | ) **ORDER** |
| ATHLETIC ASSOCIATION, | ) |
| | ) |
| Defendant. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Much like the Kentucky High School Athletic Association's Sweet Sixteen Tournament, entry to federal court is not available to all who seek it. A party must first establish that the Court has subject-matter jurisdiction over an action before removal from state court is proper. Here, the defendant Kentucky High School Athletic Association ("KHSAA") has punched its ticket by establishing this Court's subject-matter jurisdiction over the plaintiff Nason Roberts's Fourteenth Amendment claim. The Court leaves the question of whether Roberts has stated a claim on which relief can be granted for another day.

### BACKGROUND

Nason Roberts, like many Kentucky high school youth, wanted to play sports. But he encountered a roadblock when he transferred from The June Buchanan School to Knott County Central High School in March 2008. R. 1, Attach. 1 at 1. Upon transferring, the KHSAA ruled Roberts ineligible to participate in high school athletics for one year. Roberts sought and received relief from the Knott Circuit Court, which enjoined the KHSAA from enforcing the one-year period of ineligibility. Roberts claims that the KHSAA thereafter threatened Knott

County Central High School and Knott County Public Schools with sanctions if they permitted Roberts to play sports. As a result of those threats, Roberts did not play sports for the period between March 5, 2008, and March 5, 2009. *Id*. at 2.

Roberts filed suit in Knott Circuit Court alleging that the KHSAA violated his rights under Sections Two and Four of the Kentucky Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. He also advances state-law claims against the KHSAA based on its intentional violation of his right to seek redress in the courts and the torts of intentional infliction of emotional distress and outrage. *Id*. at 2. The KHSAA removed this action to federal court on February 10, 2011. R. 1. The Court then ordered the parties to address whether it has subject-matter jurisdiction over the action.

## DISCUSSION

Roberts's decision to seek relief directly under the Constitution begs the question: Even if Roberts has not stated a federal claim on which relief can be granted, does this Court nevertheless have subject-matter jurisdiction? The answer is yes.

Article III of the Constitution gives Congress the exclusive power to define the subject-matter jurisdiction of the lower federal courts. *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 517 (6th Cir. 2006). And in 28 U.S.C. § 1331, Congress granted the federal district courts subject-matter jurisdiction over all claims "arising under" federal law. "A claim arises under federal law when 'the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or [the federal] Constitution.'" *Cobb v. Contract Transp., Inc*., 452 F.3d 543, 548 (6th Cir. 2006) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

Here, Roberts states a claim directly under the Constitution. And "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit." *Bell v. Hood*, 327 U.S. 678, 681-82 (1946). The Supreme Court explained that "[t]he reason for this is that the court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy." *Id*. at 682.

Neither of the two narrow exceptions recognized in *Bell*, *id*. at 682-83, deprives the Court of jurisdiction. Subject-matter jurisdiction will not be proper when (1) the plaintiff's claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or (2) the "claim is wholly insubstantial and frivolous." *Id*.; *see also Cobb*, 452 F.3d at 549 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). A claim will be considered inadequate when it is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Primax*, 433 F.3d at 519 (quoting *Steel Co.*, 523 U.S. at 89). Here, the plaintiff's claim in no way appears to be made solely for the purpose of obtaining federal jurisdiction. After all, Roberts filed his complaint in state court and now seeks to return there. *See* R. 9. Nor can the Court say Roberts's Fourteenth Amendment claim is "wholly insubstantial and frivolous." While his claim ultimately may prove unsuccessful on the merits either because 42 U.S.C. § 1983 is the proper vehicle for bringing such claims, *see Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001), or possibly because Roberts cannot have a constitutionally-protected interest in playing interscholastic sports, *see Burrows v. Ohio High*

*Sch. Athletic Ass'n*, 891 F.2d 122, 125 (6th Cir. 1989) (citing *Hamilton v. Tenn. Secondary Sch. Athletic Ass'n*, 552 F.2d 681, 682 (6th Cir. 1976)), the Court cannot say there is no "legal substance to the position [Roberts] is presenting." *Primax*, 433 F.3d at 519 (quoting 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3564 (2d ed. 1984)). In the end, Roberts's Fourteenth Amendment claim is sufficient for jurisdiction.

Accordingly, it is **ORDERED** that, to the extent Roberts's response to the Court's March 3, 2011, Order is a motion to remand, R. 9, it is **DENIED**.

This the 29th day of March, 2011.

Signed By:
*Amul R. Thapar*
United States District Judge